IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAKESHIA CARSON**                                                                 **PLAINTIFF**

**VS.**                                  **4:20-CV-00519-BRW**

**ROAD KNIGHTS, INC. and**
**SUNSHINE MILLS, INC.**                                          **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendant Road Knights, Inc.'s Motion to Transfer Case and Alternative Motion to Dismiss (Doc. No. 8). Plaintiff has responded.[1] For the reasons below, Road Knights' Motion to Transfer Case and Alternative Motion to Dismiss is DENIED.

**I. BACKGROUND**

Plaintiff is an individual residing in Florida. Defendant, Sunshine Mills, Inc. ("Sunshine Mills"), is a corporation whose principle place of business is in Alabama. Defendant, Road Knights, Inc. ("Road Knights"), is a corporation whose principle place of business is in Illinois.

On February 21, 2018, Plaintiff, part of a two person driving team hired by Road Knights, was a passenger in 2018 Freightliner operated by Sharon Johnson.[2] The Freightliner was owned by Road Knights. Ms. Johnson, stopped the vehicle at one of Sunshine Mill's locations in Red Bay, Alabama to load the truck.[3] After the night crew loaded the truck with cargo, Plaintiff and Ms. Johnson departed for San Antonio, Texas. Ms. Johnson was driving the truck in the right lane of north service road in Saline County, Arkansas, when she swerved onto the road's right shoulder, causing the truck to crash.

---

[1]Doc. No. 17.

[2]Doc. No. 14, p.2

[3]*Id.*

1

Plaintiff filed this lawsuit against Defendants for negligence in connection with the February 21, 2018 crash. Defendant Road Knights seeks to enforce a forum selection clause contained in an Independent Contractor Agreement ("Agreement") and transfer this case to the Northern District of Illinois.[4] Based on an Amended Complaint, the motion to dismiss is moot. However, the transfer issue must still be addressed..

## II. APPLICABLE LAW

The Eighth Circuit has adopted case-specific rules for determining whether a tort claim falls within the scope of a contractual forum selection clause.[5] The application of these rules depends on the facts in each case. Where tort claims "ultimately depend on the existence of a contractual relationship" between the parties, such claims are covered by a contractually-based forum selection clause.[6] Furthermore, when "contract-related tort claims involv[e] the same operative facts as a parallel claim for breach of contract [they] should be heard in the forum selected by the contracting parties."[7]

A transfer under 28 U.S.C. § 1404(a) also requires me to balance "the convenience of parties and witnesses."[8] In *Terra International, Inc.*, the Eighth Circuit described the balance of convenience test as considering the following five factors: "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to

---

[4] Doc. No. 8.

[5] *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 694 (8th Cir. 1997).

[6] *Id.* (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir.), cert. denied, 464 U.S. 938 (1983)).

[7] *Id.* (citing *Lambert v. Kysar*, 983 F.2d 1110, 1121–22 (1st Cir.1993)).

[8] 28 U.S.C. § 1404(a).

records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law."[9]

Additionally, §1404(a) requires me to consider the "interest of justice" in making my decision. In *Terra International, Inc.*, the Eighth Circuit set forth 7 factors that it described as "meticulously analyz[ing]" the interests of justice under § 1404(a).[10] These factors include: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law."[11]

### III. DISCUSSION

#### A. Forum Selection Clause

The forum selection clause in the Agreement reads in pertinent part:

24. CARRIER and INDEPENDENT CONTRACTOR understand and agree that this agreement shall be governed by and construed under the laws of the State of Illinois, without regard to the choice of law provisions thereof. The exclusive venue for any action arising from, or brought to enforce this Agreement shall be in Cook County, Illinois and the state and federal courts therein.[12]

The forum selection clause in this case does not clearly indicate whether the clause applies to Plaintiff's tort claims. The clause requires any "action arising from" the Agreement to be tried in Illinois. Plaintiff asserts that her negligence claims do not "arise from" the agreement because they are based on Road Knight's breach of common law tort duties that are independent

---

[9]*Terra Int'l, Inc.*, 119 F.3d at 696.

[10]*Id.*

[11]*Id.*

[12]Doc. No. 8-2, p. 9.

3

from the Agreement.[13]  Plaintiff contends that determining the damages caused by the breach of these duties does not require any particular construction of the Agreement's terms.[14]  Road Knights, on the other hand, contends that Plaintiff's tort claims require interpretation of several contractual terms to determine both the existence and limits of its liability.[15]

In this case, the I find that the Third Circuit test used in *Terra International, Inc.* is the most applicable to the facts.[16]  Plaintiff specifically alleges that Road Knights negligently instructed Plaintiff and Ms. Johnson to continue the delivery after Plaintiff notified Road Knights that the load was improperly loaded.[17]  Plaintiff contends that allowing the improperly loaded truck to continue delivery resulted from Road Knights's failure to properly train its employees who instructed her to continue with the delivery.[18]

Plaintiff's tort claims against Road Knights do not depend on the existence of the contractual relationship between the parties.  It is true that Plaintiff would not have been in the truck with Johnson or received instructions from Road Knights except for their contractual relationship.  However, the *Terra* test requires a relationship between Plaintiff's <u>claims</u> and the contract. Plaintiff's claim against Road Knights for failure to properly train other employees is not affected by or contingent on any clause in the Agreement.

---

[13]Doc. No. 17, p. 6.

[14]*Id.*

[15]Doc. No. 9, pp. 2-3.

[16]*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d at 203 (holding that where the contract is the source of any duty owed to the Plaintiff, tort claims ultimately depend on the existence of a contractual relationship; therefore, the forum selection clause applies to the tort claim).

[17]Doc. No. 14, pp. 4-5.

[18]*Id.* at 5.

I find Plaintiff's tort claims against Road Knights fall outside the scope of the forum selection clause.

**B.  Proper Venue**

Pursuant to 28 U.S.C. § 1404(a),  I may transfer this civil action to any other district or division where it might have been brought and "weigh in the balance a number of case-specific factors."[19]  The Court must consider the convenience of the parties, the convenience of the witnesses, the interest of justice and all other relevant factors regarding the transfer.[20]  Federal courts give considerable deference to a Plaintiff's choice of forum and, therefore, "the party seeking the transfer under 28 U.S.C. § 1404 typically bears the burden of proving that a transfer is warranted."[21]

I find that all relevant factors, taken in totality, weigh against transferring Plaintiff's tort claims against Road Knights to the Northern District of Illinois.  In its Motion to Transfer, Road Knights failed to make any argument concerning the convenience factors or the interest of justice factors.[22]  It relied solely on the forum selection clause as grounds for the proposed transfer.  As I have already stated, Plaintiff's cause of action against Road Knights is not covered by the forum selection clause.  Even if the forum selection clause did apply, it is not determinative in the transfer analysis.[23]

The record indicates that the accident and alleged damages at issue occurred in Arkansas.

---

[19]*Stewart Organization, Inc., v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

[20]See *Terra Int'l, Inc.*, 119 F.3d at 691.

[21]*Id.* at 695.

[22]Doc. No. 8, p. 1.

[23]*Id.* (stating that finding a forum selection clause applicable merely allows its consideration as one factor).

Plaintiff will be litigating her negligence claims against Sunshine Mills in the Eastern District of Arkansas. I find it will be inconvenient for Plaintiff to litigate the case against both Defendants in separate jurisdictions.  The cases will involve much of the same evidence and witnesses. Furthermore, I find that the interest of justice weighs against transfer.  Judicial economy will be achieved by litigating both cases in the same jurisdiction and Arkansas was Plaintiff's choice of forum.  Thus, I find that the Eastern District of Arkansas is the proper venue for Plaintiff's tort claims against Defendant, Road Knights, Inc.

## CONCLUSION

For the reasons stated above, Defendant Road Knights, Inc.'s Motion to Transfer and Alternative Motion to Dismiss (Doc. No. 8) is DENIED.

IT IS SO ORDERED this 17th day of September, 2020.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE