IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LAKESHIA CARSON                                                            PLAINTIFF

VS.                                   4:20-CV-00519-BRW

ROAD KNIGHTS, INC. and
SUNSHINE MILLS, INC.                                                     DEFENDANTS

ORDER

Pending is Defendant Sunshine Mills, Inc.'s Motion to Dismiss (Doc. No. 21). Plaintiff has responded to the Motion to Dismiss.[1] For the reasons below, Sunshine Mills, Inc's Motion to Dismiss is GRANTED. The Amended Motion to Dismiss (Doc. No. 26) is DENIED as MOOT.

I.    BACKGROUND

Plaintiff is an individual residing in Florida. Defendant, Sunshine Mills, Inc. ("Sunshine Mills"), is a corporation whose principle place of business is in Alabama. Defendant, Road Knights, Inc. ("Road Knights"), is a corporation whose principle place of business is in Illinois.

On February 21, 2018, Plaintiff, part of a two person driving team hired by Road Knights, was a passenger in 2018 Freightliner operated by Sharon Johnson.[2] The Freightliner was owned by Road Knights. Ms. Johnson, stopped the vehicle at one of Sunshine Mill's locations in Red Bay, Alabama to load the truck.[3] After the night crew loaded the truck with cargo, Plaintiff and Ms. Johnson departed for San Antonio, Texas. Ms. Johnson was driving the truck in the right

---

[1]Doc. No. 24.

[2]Doc. No. 14, p.2

[3]*Id.*

1

lane of north service road in Saline County, Arkansas, when she swerved onto the road's right shoulder, causing the truck to crash.

Plaintiff filed this lawsuit against Defendants for negligence in connection with the February 21, 2018 crash. Plaintiff alleges that Sunshine Mills negligently loaded the cargo which shifted during transit and caused the crash. Sunshine Mills asserts that it is not subject to jurisdiction in Arkansas because it has no contacts with Arkansas.[4] Sunshine Mills seeks to dismiss the claims against it under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and under Rule 12(4)-(5) for failure to timely serve process.[5] I agree that I do not have personal jurisdiction of Sunshine Mills and will only address the question of jurisdiction because the issue of service of process is now moot.

## II.     APPLICABLE LAW

If a defendant makes a Rule 12(b)(2) motion, the court can either hold a hearing or "instead rel[y] on pleadings and affidavits."[6] If a court chooses the latter approach, it "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party."[7]

---

[4] Doc. No. 22, p. 6.

[5] *Id.* at p. 5.

[6] *Johnson v. Arden*, 614 F.3d 785, 793 (8th Cir. 2010) (quoting *Epps v. Stewart Info. Serv. Corp.*, 327 F.3d 642, 646-47 (8th Cir. 2003)). The Court may rely on allegations in the pleadings unless they are controverted by factual evidence from the defendants. The Eighth Circuit has held that "[w]hen a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Jet Charter Serv., Inc. v. W. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990)).

[7] *Id.*

The Eighth Circuit has held that "[o]nce jurisdiction has been controverted or denied, the plaintiff has the burden of proving such facts."[8] There, the court cited with approval rulings from sister circuits that held that "the mere allegations of the complaint, when contradicted by affidavits, are [not] enough to confer personal jurisdiction of a nonresident defendant,"[9] and that "[w]hen a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents."[10] Specifically, a plaintiff must make a prima facie showing that personal jurisdiction exists, which requires creating "a reasonable inference that the defendant can be subjected to jurisdiction within the state."[11]

In a diversity case, a federal district court can assert personal jurisdiction over a defendant to the extent allowed by the long-arm statute of the forum state and the Due Process Clause.[12] The Arkansas long-arm statute authorizes personal jurisdiction to the fullest extent possible consistent with the Due Process Clause.[13]

Accordingly, the question here is whether an assertion of personal jurisdiction over Sunshine Mills would violate the Due Process Clause. "Due process requires 'minimum

---

[8] *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (quotations omitted).

[9] *Id.* at 1073 (quoting *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)).

[10] *Id.* (quoting *Jet Charter Serv., Inc. v. W. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990)).

[11] *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotations omitted).

[12] *Id.* at 592.

[13] Ark. Code Ann. § 16-4-101; see *Davis v. St. John's Health Sys., Inc.*, 348 Ark. 17, 22-23, (2002); *Dever*, 380 F.3d at 1073.

contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[14] Specifically, there must exist "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[15] "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. . . ."[16] While it is true that the "interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice" are among the "variety of interests" that "a court must consider," the Supreme Court has recently reaffirmed that "the 'primary concern' is 'the burden on the defendant.'"[17]

The Eighth Circuit has a five-part test for measuring minimum contacts: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties."[18] The Eighth Circuit has instructed that "[t]he first three factors are the most important."[19]

---

[14]*Dever*, 380 F.3d at 1073 (referencing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)).

[15]*Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004) (internal quotation omitted).

[16]*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotation omitted).

[17]*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *World–Wide Volkswagen*, 444 U.S. at 292).

[18]*Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994)).

[19]*Federated Mut. Ins. Co. v. FedNat Holding Co.*, 928 F.3d 718, 720 (8th Cir. 2019).

The amount of minimum contacts necessary to satisfy due process is different for general jurisdiction and specific jurisdiction. General jurisdiction is the power to adjudicate any claim involving a particular defendant.[20] A court has general jurisdiction over a defendant who has "continuous and systematic" contacts with the forum state.[21] Plaintiff does not argue that I have general jurisdiction over Sunshine Mills. Even where general jurisdiction is lacking, a court can have specific jurisdiction over a defendant. Plaintiff argues that I have specific jurisdiction over Sunshine Mills in this case.

"Specific jurisdiction over a defendant is exercised when a state asserts personal jurisdiction over a nonresident defendant that 'has purposefully directed [its] activities at [the forum state's] residents' in a suit that 'arises out of' or 'relates to' these activities."[22] "Specific jurisdiction is proper 'only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.'"[23]

## III. DISCUSSION

Sunshine Mills argues that the pleadings and facts in the record are insufficient to support an assertion of specific jurisdiction over it because "[t]here are no allegations that Sunshine directed or caused the Plaintiff to drive through Arkansas or that Sunshine was even aware that

---

[20] *Miller*, 528 F.3d at 1091.

[21] *Johnson*, 614 F.3d at 794.

[22] *Id.*

[23] *Id.* at 795 (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008)).

the Plaintiff would be driving through the state. . . . The Plaintiff is relying on nothing more than the location of the accident to establish jurisdiction."[24] I agree.

That Sunshine Mills loaded a truck, owned by Defendant Road Knights and operated by its driver, knowing that it would travel over roads (perhaps in Arkansas) is not enough. The only allegation against Sunshine Mills is that its employees negligently loaded Plaintiff's truck in Alabama. The truck's destination was Texas.[25] The only contact with Arkansas is the accident. None of the parties, including Plaintiff, reside or have any other connection with Arkansas.

Under Supreme Court and Eighth Circuit precedent, more is necessary to show purposeful availment or purposeful direction. Sunshine Mills provided an affidavit from its CEO Alan Bostick to support its contention that it has no contacts with Arkansas.[26] The only fact Plaintiff supplied that might potentially show some purposeful availment or direction of activities to Arkansas is the fact that Sunshine Mills sells pet food products at Wal-Mart in Arkansas.[27] Plaintiff's only supporting evidence of this allegation is a picture of a Wal-Mart.com page that purports to show Sunshine Mills's products for sale on Wal Mart's web site.[28] However, nothing in this photo mentions Arkansas directly. No case from the Supreme Court or the Eighth Circuit holds that such facts would change the personal jurisdiction arithmetic.

---

[24]Doc. No. 22, p. 6.

[25]Doc. No. 14, p. 3.

[26]Doc. No. 21-1 (stating Sunshine Mills "is not registered to do business in Arkansas and has no offices, inventory, bank accounts, real estate, personal property, employees, or agents in Arkansas).

[27]Doc. No 24, p. 7.

[28]Doc. No. 24, p. 19.

Additionally, Plaintiff contends that I have personal jurisdiction of Sunshine Mills through the application of Ark. Code Ann. § 16-58-121.[29] The statute allows service of process to be made on non-resident owners and operators of motor vehicles though the Arkansas Secretary of State.[30] The statute also provides that such service of process "shall be deemed sufficient service of summons and process to give to any of the courts of this state jurisdiction over the cause of action and over such nonresident owner, [or] nonresident operator . . . ."[31] However, as Plaintiff concedes in her Amended Complaint, the truck was <u>owned</u> by Defendant Road Knights and <u>operated</u> by either an employee or independent contractor hired by Road Knights.[32] Therefore, I find that Ark. Code Ann. § 16-58-121 does not apply to Sunshine Mills.

Here, Plaintiff did not rebut Sunshine Mills's Motion and evidence with their own "affidavits, testimony or documents." Plaintiff did not meet her burden to prove a prima facie case of personal jurisdiction after Sunshine Mills raised a meritorious challenge. The facts and arguments Plaintiff supplied are not enough to convince me that I can constitutionally assert jurisdiction over Sunshine Mills.

---

[29]*Id.* at 9. I note that Plaintiff provided no citation to the relevant Arkansas statute in her brief, but referenced the "Arkansas Nonresident Motorists Act". This name does not appear in the Arkansas Statute Popular Name Table. Plaintiffs reference seems to implicate Ark. Code Ann. § 16-58-121. Plaintiff argues that I have jurisdiction under this statute; however, she attempted (untimely) service of process through Ark. Code Ann. § 16-58-120 (Doc. No. 25), which allows service of process on the Arkansas Secretary of State for "[a]ny cause of action arising out of acts done in this state . . . ." § 16-58-120(a). Plaintiff failed to allege any acts by Sunshine Mills in Arkansas that would make § 16-58-120 applicable.

[30]Ark. Code Ann. § 16-58-121(b)(1).

[31]§ 16-58-121(c)(2).

[32]Doc. No. 14, p. 2.

## CONCLUSION

For the reasons stated above, Defendant Sunshine Mills Motion to Dismiss (Doc. No. 21) is GRANTED.  The Amended Motion to Dismiss (Doc. No. 26) is DENIED as MOOT.

IT IS SO ORDERED this 27 day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE